UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 10cr4428-BLM |
| Plaintiff, | ) ) | **ORDER DENYING WITHOUT PREJUDICE MATERIAL WITNESS** |
| v. | ) ) | **CJA VOUCHER REQUEST** |
| BOBBY JOE JACKSON, ISMAEL FLORES-BARTOLO | ) ) ) | |
| Defendants. | ) | |

On January 31, 2011, attorney Neil Trop submitted applications for fees in connection with his representation of two material witnesses in the above-referenced case. After conducting a careful review, the Court determined that the submitted time sheets did not provide sufficient information to enable the Court to determine whether the hours were reasonably expended to supply adequate representation. ECF No. 44; 18 U.S.C. § 3006A (authorizes reimbursement for "counsel and investigative, expert, and other services necessary for adequate representation"); In re Smith, 586 F.3d 1169, 1175 (9th Cir. 2009) (in evaluating CJA applications, the issue is "not 'what hours were *actually* expended,' but 'what hours were *reasonably* expended completing work necessary for adequate representation"). To obtain the necessary information, the Court ordered Mr. Trop to provide the following information:

> The supplemental submission must include for each entry in the "Interviews and conferences" section, information identifying the occupation of the person with whom Mr. Trop conferred, the relationship of the person to the material witness or this case, if not clear from the occupation, and a non-privileged summary of the

10cr4428BLM

substance of the communication. The supplemental submission must provide the same information for each "correspondence" and "review: email" entry in the "Investigative and Other Work" section. For the non-correspondence entries in the "Investigative and Other Work" section, the supplemental submission must provide more detailed information regarding the specific work performed and an explanation as to why it took the stated amount of time to complete the identified work. Finally, for each "Travel Time" entry, the supplemental submission must identify why the trip was taken (court appearance, client visit, etc.) and whether other court appearances, meetings, or work were conducted during the trip.

ECF No. 44.

On February 23, 2011, Mr. Trop submitted his supplemental time sheet. The Court orders that this supplemental time sheet be filed under seal as Exhibit A to this Order. In this supplemental submission, Mr. Trop provided the occupation and/or relationship to the material witness of the person with whom he communicated, but did not provide any information regarding the substance of the communication. This failure to comply with the Court's order prevents the Court from conducting the requisite "reasonableness" inquiry. For example, Mr. Trop had five conversations with Border Patrol representatives on October 19, 2010, with each call lasting 6 or 12 minutes. Without an explanation, the Court cannot determine whether Mr. Trop merely left five voicemail messages, actually engaged in substantive discussions warranting 42 minutes, or something in-between. The same difficulty is presented by the other 80+ telephone calls, each of which lasted .1 or .2 hours but all of which totaled more than 11 hours. While Mr. Trop provides some general information regarding the phone calls (see page 5), he does not provide sufficient information regarding each call.

The same insufficiencies exist in the "Investigative and Other Work" section. In response to the Court's order, Mr. Trop identified Martin Rosales as working for Border Patrol (see page 7) but he did not identify any other individual and he did not provide a summary of any of the correspondence. Mr. Trop also refused to explain why it took him 3.2 hours to prepare boilerplate motions for video-taped depositions, 1.6 hours for boilerplate motions for the release of material witnesses and to vacate deposition dates, or the stated times for any other work. Mr. Trop's refusal to provide the requested information prevents the Court from evaluating the reasonableness of his work and requested reimbursement.

Finally, with regard to the entries in the "Travel Time" and "Mileage and Parking" sections,

the Court asked Mr. Trop to state whether he only worked on this case during each of the listed trips or whether he performed work on other cases.  Mr. Trop's refusal to provide the Court with the requested information casts doubt on the veracity of his submission and certainly prevents the Court from determining whether this case was improperly billed for travel equally applicable to other cases.

The Court finds that Mr. Trop has knowingly and intentionally refused to provide the Court with the information the Court explicitly said it needed to properly evaluate the submitted CJA Voucher request.  As a result, the Court is unable to conduct the required review and therefore must **DENY** the request.  The Court enters this Order without prejudice.  If Mr. Trop wants to submit a new, properly-supported CJA Voucher request, he must do so by April 15, 2011.

**IT IS SO ORDERED.**

DATED:  April 1, 2011

BARBARA L. MAJOR
United States Magistrate Judge

cc: Neil Trop, Esq.